# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| IOWA MUNICIPAL INSURANCE LTD., | |
| Plaintiff, | No. C09-3052-PAZ |
| vs. | **ORDER** |
| BERKSHIRE HATHAWAY HOMESTATE COMPANIES, | |
| Defendant. | |

On November 13, 2009, the defendant filed a motion (Doc. No. 9) to compel arbitration, and for an order either dismissing this action with prejudice or staying the case pending resolution of arbitration proceedings. The plaintiff resisted the motion (Doc. No. 15), and the defendant filed a reply (Doc. No. 18). The court held a hearing on the motion on December 21, 2009. Cynthia Scherrman Sueppel appeared on behalf of the plaintiff, and Iris Muchmore appeared on behalf of the defendant. The motion is now fully submitted.

This action was removed to federal court from the District Court in and for Humboldt County, Iowa. The plaintiff filed a Petition in the state court on June 22, 2009, asserting three causes of action. The plaintiff claims that under the terms of an Agency Agreement between the parties, the plaintiff had the "exclusive rights to sell Cornhusker Casualty Company insurance in Iowa." (Doc. No. 1-1, ¶ 7) The plaintiff was paid commissions and profit sharing for its sales of the insurance, and "[p]ursuant to the exclusive Agency Agreement, the Plaintiff developed a book of business and utilized local insurance agents to sell Cornhusker Casualty Company insurance in Iowa." (*Id.*, ¶¶ 9 & 10) On July 2, 2007, the defendant terminated the exclusive Agency Agreement with the plaintiff.

The dispute in this case concerns what happened after the Agency Agreement was terminated. The Agency Agreement provided that upon its termination, all of the plaintiff's records would remain the plaintiff's property, and use and control of the records would remain the plaintiff's exclusive right. (*Id.* ¶¶ 11 & 12) The plaintiff claims the defendant improperly utilized the plaintiff's records to identify Iowa insurance agents who were writing business with the plaintiff, and then contacted those agents for the purpose of forming new business relationships with them. The plaintiff claims the defendant's conduct caused the plaintiff to lose premiums, commissions, and profit sharing. (*Id.* ¶ 14)

In its Petition, the plaintiff asserts causes of action for breach of contract, intentional interference with business relationship, and interference with prospective business relationships. (Doc. No. 1-1) The plaintiff seeks damages for lost commissions, premiums, renewals, and profit sharing. (*Id.*)

The Agency Agreement between the parties contains an arbitration provision that provides as follows:

Paragraph VIII. Arbitration.

> In the case of differences as to the interpretation or application of any provision of this Agency Agreement, its performance or nonperformance, or the figures and calculations used, the parties agree to submit such differences to two arbitrators, one appointed to be [sic] by Agent and one appointed by Company. Such arbitrators shall select an umpire who is disinterested and who is experienced in those classes of insurance to which this Agreement applies. The arbitrators shall consider this Agreement an honorable engagement rather than merely as a legal obligation and they are relieved of all judical [sic] formalities and may abstain from following the strict rules of law.

> A decision rendered in writing, signed by any two of the persons acting hereunder, shall be final and binding upon all parties signing this Agreement, and judgment upon such decision may be entered in any court of competent jurisdiction.

2

> The latest rules of the American Arbitration Association shall apply to the initiation of arbitration proceedings and shall take place at a location mutually agreed to by the parties hereto, and failing such agreement, shall be located in Omaha, Nebraska.

(Doc. No. 9-3, p. 9)

The defendant moves to compel arbitration under the above provision, arguing the provision "applies with equal force to all claims Plaintiff asserts against Defendant in this action." (Doc. No. 9, ¶ 5) The plaintiff "admits that the arbitration provision is valid, but denies that said provision requires Plaintiff to submit its pending claims to arbitration." (Doc. No. 15, ¶ 4) Indeed, the plaintiff "denies that the arbitration provision in the Agency Agreement applies to *any* of Plaintiff's claims against the Defendant." (*Id.*, ¶ 5; emphasis added)

This court previously has examined a court's responsibilities in connection with a motion such as the defendant's motion here. In *Awe v. I&M Rail Link*, 2007 WL 2572405 (N.D. Iowa Sept. 4, 2007), the court held as follows:

> The FAA requires the court to stay a lawsuit that is brought "upon any issue referable to arbitration under an agreement in writing for such arbitration," once the court is satisfied such issue is referable to arbitration under a valid agreement to arbitrate. 9 U.S.C. § 3. As the Eighth Circuit has explained, the court's role in determining whether arbitration should be compelled is limited. The court "must determine simply whether the parties have entered a valid agreement to arbitrate and, if so, whether the existing dispute falls under the coverage of the agreement." *Gannon v. Circuit City Stores, Inc.*, 262 F.3d 677, 680 (8th Cir. 2001) (citing *Larry's United Super, Inc. v. Werries*, 253 F.3d 1083, 1085 (8th Cir. 2001); *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 504 (8th Cir. 1999)). Once the court concludes the

> parties entered into a valid agreement to arbitrate, "the FAA compels judicial enforcement of the arbitration agreement." *Id.*

*Awe*, 2007 WL 2572405 at *3. The parties agree that they entered into a valid arbitration agreement, so step one of the two-step inquiry is satisfied. The fighting issue is "whether the existing dispute falls under the coverage of the agreement."

The arbitration clause, on its face, applies to all disputes involving "the interpretation or application of any provision of [the] Agency Agreement, its performance or nonperformance, or the figures and calculations used." The plaintiff's First Cause of Action seeks damages for breach of the Agency Agreement, a claim that clearly falls within the purview of the arbitration clause.

The plaintiff's Second and Third Causes of Action do not fit so neatly within the parameters of the arbitration clause. In the Second Cause of Action, the plaintiff alleges that after the defendant terminated the Agency Agreement, the defendant interfered with insurance contracts between the plaintiff and insurance agents across Iowa, causing the plaintiff to lose accounts and sustain monetary damages. In the Third Cause of Action, the plaintiff claims the defendant interfered with the plaintiff's prospective contractual relationships with Iowa insurance agents for the writing and future renewals of public entity insurance coverage. (Doc. No. 1-1) The defendant argues neither of these causes of action would have arisen absent the Agency Agreement, and therefore, "each cause of action, at heart, relies upon the 'interpretation or application' or the 'performance or nonperformance' of the Agency Agreement," with the result that all of the plaintiff's claims are subject to arbitration. (Doc. No. 9-2, p. 11) The plaintiff disagrees, arguing its claims address the defendant's interference with the plaintiff's business relationships with Iowa insurance agents that occurred after the defendant revoked the plaintiff's exclusive authority to sell its insurance. (Doc. No. 15-1, pp. 3-4)

Because the parties, in the Agency Agreement, did not agree to submit the arbitrability question itself to arbitration, the court must determine the arbitrability of the plaintiff's Second and Third Causes of Action. *See McLaughlin Gormley King Co. v. Terminix Int'l Co.*, 105 F.3d 1192, 1193-94 (8th Cir. 1997) (citing, *inter alia*, *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943, 115 S. Ct. 1920, 1923, 131 L. Ed. 2d 985 (1995)). "Unless the parties provide otherwise, the court rather than the arbitrator will determine whether a particular dispute falls within the scope of the [arbitration] clause." *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1198-99 (8th Cir. 2008) (citing *McLaughlin Gormley King*, 105 F.3d at 1193-94). In *3M Co.*, the Eighth Circuit Court of Appeals discussed how courts should determine the arbitrability of particular issues, as follows:

> In conducting an inquiry into whether claims come within the arbitration clause, the district court does not reach the potential merits of any claim but construes the clause liberally, resolving any doubts in favor of arbitration and granting the motion "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Medcam[, Inc. v. MCNC]*, 414 F.3d [972,] 974-75 [(8th Cir. 2005)].
>
> \* \* \*
>
> Although a party may not be compelled to arbitrate a dispute unless it has agreed to do so, the "liberal federal policy favoring arbitration agreements," *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, [941,] 74 L. Ed. 2d 765 (1983), requires that a district court send a claim to arbitration when presented with a broad arbitration clause like the one here as long as the underlying factual allegations simply "touch matters covered by" the arbitration provision, *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 n.13, 105 S. Ct. 3346, [3353 n.13,] 87 L. Ed. 2d 444 (1985); *see also Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 910 (7th Cir. 1999) (claim came within scope of broad arbitration

> provision because significant relationship existed between plaintiff's claim and the arbitration provision).

*3M Co.*, 542 F.3d at 1199.

Applying these principles in the present case mandates a finding that all of the plaintiff's claims are arbitrable under the arbitration clause. The clause applies to "differences as to the interpretation or application of any provision of [the] Agency Agreement, its performance or nonperformance." All of the plaintiff's claims arise from its allegations that the defendant breached the Agency Agreement by utilizing the plaintiff's own records to identify Iowa insurance agents for the purpose of soliciting new business relationships with them. The plaintiff's First Cause of Action asserts the alleged breach itself, while the Second and Third Causes of Action allege damages resulting directly from that breach. The plaintiff's argument that its claims do not "touch matters covered by" the arbitration provision is unpersuasive.

The defendant's motion (Doc. No. 9) to compel arbitration is **granted**. The parties are directed to proceed with arbitration forthwith under the terms of the arbitration clause of the Agency Agreement. This case is **stayed** until the completion of the arbitration process. The parties are directed to file a joint report to the court concerning the status of the arbitration every three months, with the first such report due on or before **March 22, 2010**.

**IT IS SO ORDERED.**

**DATED** this 22nd day of December, 2009.

_/s/ Paul A. Zoss_
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT